THOMAS C. WICKER, Jr., Judge Pro Tem.
This action arises out of a claim for damages as a result of injuries sustained when plaintiff slipped and fell in the First National Life Building in the City of New Orleans on May 21, 1965, while in the employ of Rosen Management Service Corporation. Defendant, Gulf Janitorial Services, Inc.,'and its insurer, Travelers Insurance Company, were made defendants because Gulf cleaned and maintained the premises involved.
Plaintiff alleged that the accident was due solely to the negligence of Gulf in its failure to properly maintain the floors and *392 offices of her employer. Defendants denied negligence on Gulf’s part and, alternatively, pleaded contributory negligence on the part of plaintiff as a bar to her recovery. This case was heard by a jury, which dismissed plaintiff’s case at her cost. From this judgment rendered on May 11, 1972, plaintiff has appealed devolutively to this court.
The record discloses that on May 21, 1965, around 1:00 P.M., appellant slipped and fell as she was returning to her own office. As a result of the fall, she allegedly sustained injuries to her right hip that required subsequent hospitalization, medication, and therapy.
Appellant contends that the trial court committed grievous error in permitting testimony by an expert witness called by ap-pellees regarding floor finishes in general and a product specified as Johnson’s Step-A-Head in particular. Counsel for appellant urges that it was never proved during the trial that Johnson’s Step-A-Head was utilized by Gulf on the floor at issue and to permit such, testimony constituted judicial error.
We feel it is pertinent to call attention to the fact that earlier in the trial, counsel for appellant questioned another witness, one Albert Johnson, as to the use by Gulf of the product Step-A-Head. At that time, the attorney for appellees objected to the relevancy of the line of questioning and was overruled by the court. This exchange read as follows:
“Q. If you would put Step-A-Head on top of Step-A-Head, that would make the floors slippery?
A. No, see the point was, all Gulf never put wax that was slippery. It was suppose (sic) to be non-slip. It was sold to them at this respect (sic) that it was non-slip.
Q. I’m only talking about what happened when you were there. What they did, of course, you don’t know. Is that right ?
A. Right. Right.
Q. We are talking about where you used this Step-A-Head floor polish at the American Oil.
MR. COLLINS:
Your Honor, at this time, I will object to that question being irrelevant. We are not worrying about what happened at the American Oil Building. We are worried about what happened at the National Life Building with the product.
MR. BRUNO:
We are very much concerned about Step-A-Head, if Your Honor please.
COURT:
Step-A-Head ?
MR. BRUNO:
Yes, sir.
COURT:
Overruled.”
It appears to this court that plaintiff originally sought admissibility of evidence regarding Johnson’s Step-A-Head and cannot now be heard to complain. Further, in the instant case, the judge properly instructed the jury regarding hypothetical questions propounded to the expert witness. The jurors were clearly instructed that they were still the ultimate judges of the facts and would determine whether the answer to a hypothetical question was pertinent or not. Accordingly, we conclude that there was no reversible error as to this line of questioning allowed by the trial court.
Appellant also contends that error was committed when she was unable to call Albert Johnson as a rebuttal witness. Our examination shows that Mr. Johnson was subpoenaed by appellant as an adverse witness. He was called under cross examination during appellant’s case-in-chief and *393 was questioned at length by both sides. At the end of his examination of the witness, counsel for appellant tendered the witness and did not require that he be held by the court.
Counsel for appellees later determined that he did not need to question the witness further and released him after adopting his testimony. We concur in the finding of the trial court that the appellant’s subpoena was satisfied by the foregoing events.
We proceed to a consideration of the complaint by appellant that the trial court erred in instructing the jury as to contributory negligence. A review of the record discloses that there was a finding by the jury that there was no negligence on the part of the defendants and the question of plaintiff’s contributory negligence was never reached by the jury. This court is satisfied that the jury did not commit manifest error in so finding.
Further, it should be noted that counsel for appellees cross-examined plaintiff regarding possible contributory negligence and in this Court’s opinion, the trial judge was justified in submitting the contributory negligence instructions to the jury. The charge was a fair one and admonished the jury that the defendants bore the burden of proving contributory negligence on the part of Mrs. Bartholomew. Additionally, our courts have espoused the view in civil cases that even assuming that there were errors contained in jury charges, this court has the constitutional duty to review the entire record and adjudicate the issues rather than remand the case for further proceedings. Bryant v. St. Paul Fire & Marine Ins. Co., 272 So.2d 448 (La.App. 2d Cir. 1973).
It is well settled in Louisiana that our appellate courts will not disturb a jury finding except in the case where obvious manifest error is found. Epps v. Buzbee, 271 So.2d 543 (La.App. 1st Cir. 1973); 20th Century Fox v. Lakeside Theatres, Inc., 267 So.2d 225 (La.App. 4th Cir. 1972); Clark v. Sears, Roebuck & Co., 254 So.2d 62 (La.App. 3rd Cir. 1971) ; Hooper v. Wilkinson, 252 So.2d 137 (La.App. 3rd Cir. 1971). We conclude from a study of the record in this case that no manifest error has been demonstrated.
Accordingly, the judgment of the lower court is affirmed at appellant’s costs.